Justice ALBIN,
dissenting.
Defendant Osborne Maloney was indicted for a number of offenses relating to a home invasion, including second-degree conspiracy to commit burglary (N.J.S.A. 2C:18-2 and N.J.S.A. 2C:5-2), second-degree aggravated assault (N.J.S.A. 2C:12-1(b)(1)), first-degree attempted murder (N.J.S.A. 2C:11-3(a)(1) and N.J.S.A. 2C:5-1), and first-degree armed robbery (N.J.S.A. 2C:15-1). Codefendant Juan Rodriguez implicated Maloney in the robbery and shooting of the homeowner. Maloney, however, denied committing those crimes and testified that the only crime he committed was agreeing to receive stolen property from Rodriguez. Maloney requested that the trial judge instruct the jury on attempted theft by receiving stolen property. Although Maloney’s *112 attorney wrongly characterized attempted theft by receiving stolen property as a lesser-included offense of robbery, receiving stolen property clearly was a related offense to robbery. Nevertheless, the trial judge refused to charge the jury on attempted theft by receiving stolen property — the offense Maloney admitted committing.
In my view, the trial judge erred in not giving the charge to the related offense of receiving stolen property. That is because the jury was left with rendering an all-or-nothing outcome — either convict Maloney of the offenses related to the home invasion or acquit him despite his admission to committing the crime of attempted receipt of stolen property. Consequently, if the jury believed Maloney, it was left with the bleak option of completely acquitting him even though he admitted to committing the crime of attempted theft. By the standards of our jurisprudence, failing to give the jury the opportunity of convicting Maloney of the offense he said he committed had the capacity of causing an unjust result. I therefore respectfully dissent.
I.
A trial judge is required to charge the jury with offenses related to those in the indictment, provided that the defendant requests the charge and the charge is factually supported by the record. N.J.S.A. 2C:1-8(e); State v. Sloane, 111 N.J. 293, 299, 544 A.2d 826 (1988) (citing State v. Crisantos, 102 N.J. 265, 278, 508 A.2d 167 (1986)). The purpose of this rule is to avoid presenting the jury with an “all-or-nothing” choice, a choice between convicting a defendant of an offense greater than the one he committed and not convicting him at all despite his guilt of a lesser offense. See State v. Garron, 177 N.J. 147, 180, 827 A.2d 243 (2003) (“No defendant should be convicted of a greater crime or acquitted merely because the jury was precluded from considering a lesser offense that is clearly indicated in the record.”), cert. denied, 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004). We have expressed concern that a jury faced with that stark alternative *113 may be more likely to err on the side of convicting rather than acquitting. See Keeble v. United States, 412 U.S. 205, 212-13, 93 S.Ct. 1993, 1997-98, 36 L.Ed.2d 844, 850 (1973) (“Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.”), quoted in Sloane, supra, 111 N.J. at 299, 544 A.2d 826.
In determining whether an uncharged offense is related to an offense charged in an indictment, we do not compare the statutory elements between the two, as we would if considering a lesser-included offense. State v. Thomas, 187 N.J. 119, 129-30, 900 A.2d 797 (2006). Instead, we focus on “whether the offense charged and the related offense share a common factual nucleus.” Id. at 130, 900 A.2d 797. Our jurisprudence does not provide a neat definition of what constitutes a “common factual nucleus” shared by a charged offense and an uncharged related offense. However, in this case, it would be fair to say that the stolen property from a robbery that is also the factual predicate for receiving stolen property is the “common factual nucleus” shared by both crimes.
Robbery is nothing more than an aggravated theft. See N.J.S.A. 2C:15-1(a). A theft occurs when a person “unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.” N.J.S.A. 2C:20-3(a). Receiving stolen property occurs when a person “knowingly receives ... movable property of another knowing that it has been stolen, or believing that it is probably stolen.” N.J.S.A. 2C:20-7. The stolen property is the common nucleus between the two offenses. That prosecutors routinely charge defendants alternatively with theft and/or receiving stolen property is a recognition of the close tie between the two offenses. Thus, in a prosecution with alternative theories, a jury presented with facts establishing that a defendant is knowingly in possession of stolen property does not have to acquit if the State cannot prove theft beyond a reasonable doubt. The same logic applies here, but to the advantage of defendant.
*114 II.
Defendant was charged with robbery and requested that the jury be given the option of convicting him of the lesser, related offense of attempted receipt of stolen property. The request was defendant’s consent to forgo any objection he could have raised to submission to the jury of an offense not contained in the indictment. See Thomas, supra, 187 N.J. at 132-33, 900 A.2d 797. That defendant’s lawyer inartfully requested the charge by characterizing the receiving charge as a lesser-included offense rather than a related offense should not make a difference. Certainly, formalism should not prevail over substance, particularly when the requested charge is supported by the record.
Here, the jury was given the all-or-nothing alternative that our jurisprudence cautions against. Defendant’s request for the related-offense charge and the trial court’s failure to give the charge caused presumptive prejudice. State v. Nelson, 173 N.J. 417, 446, 803 A.2d 1 (2002) (‘“[S]o critical is the need for accuracy that erroneous instructions on material points are presumed to be reversible error.’ ”) (quoting State v. Martin, 119 N.J. 2, 15, 573 A.2d 1359 (1990)). In short, because the trial judge’s error had the capacity to cause an unjust result, defendant should be granted a new trial. See R. 2:10-2. I therefore cannot agree with the majority’s affirmance of defendant’s conviction. For this reason, I respectfully dissent.
For affirmance — Chief Justice RABNER, Justices LaVECCHIA, HOENS and PATTERSON, and Judges RODRÍGUEZ (temporarily assigned) and CUFF (temporarily assigned) — 6.
For reversal — Justice ALBIN — 1.